IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KELLY LAUER and KARLA LAUER,            )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )   No. 05 C 3999
                                        )
RICHARD J. NAKON & ASSOCIATES           )
and JAMES W. KAISER,                    )
                                        )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kelly and Karla Lauer (husband and wife) allege that a letter they received violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-920. Named as defendants are James Kaiser and his law firm Richard J. Nakon & Associates. Defendants have moved to dismiss the complaint.[1]

---

[1] Plaintiffs, citing Fed. R. Civ. P. 12(b), contend the motion should be converted to one for summary judgment and that summary judgment on Count I should be granted to plaintiffs based on what plaintiffs characterize as admissions contained in defendants' brief. Defendants, however, do not rely on matters outside the complaint and plaintiffs have not provided the support necessary for a motion for summary judgment. See Fed. R. Civ. P. 56; N.D. Ill. Loc. R. 56.1. Plaintiffs' request for judgment in their favor will not be considered.

On a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a)(2); Boim v. Ouranic Literacy Institute, 291 F.3d 1000, 1008 (7th Cir. 2002); Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000), cert. denied, 531 U.S. 1073 (2001); Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendants have at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Scott, 195 F.3d at 951; Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). Even if not required to plead specific facts, a plaintiff can plead himself or herself out of court by alleging facts showing there is no viable claim. See Slaney v. The International Amateur Athletic Federation,

244 F.3d 580, 597 (7th Cir.), cert. denied, 534 U.S. 828 (2001); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 669-70 n.14 (7th Cir. 1998), cert. denied, 525 U.S. 1114 (1999); Jackson, 66 F.3d at 153-54. Ordinarily, as long as they are consistent with the allegations of the complaint, a plaintiff may assert additional facts in his or her response to a motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Albiero, 122 F.3d at 419; Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997). In the complaint itself, it is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. Forseth, 199 F.3d at 368; Scott, 195 F.3d at 951; Albiero, 122 F.3d at 419; Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992); Dodaro v. Village of Glendale Heights, 2003 WL 1720030 *8 (N.D. Ill. March 31, 2003). A plaintiff is not bound by legal characterizations of the claims contained in the complaint. Forseth, 199 F.3d at 368; Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). However, in response to a motion to dismiss that raises the issue, the plaintiff must identify a legal basis for a claim and make adequate legal arguments in support of it. Kirksey, 168 F.3d at 1041-42; Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir.

1995); Levin v. Childers, 101 F.3d 44, 46 (6th Cir. 1996); Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 224 F. Supp. 2d 1172, 1175 (N.D. Ill. 2002).

Attached to the complaint is a copy of the letter that is the basis for plaintiffs' claims. The letter is on letterhead of the Nakon firm and is signed by Kaiser. It is dated April 22, 2005 and addressed to both of the Lauers. The letter is captioned as being "RE: *Iden v. Lauer Lake County Case: 05 LM 391*." The body of the letter, in its entirety, reads as follows:

> As you know a judgment has been entered against you in the amount of $6,093.33 plus costs. I have recorded a Memorandum of Judgment in Lake County which will be picked up by the credit bureaus. However, it does not appear that this judgment will do much more damage to your credit rating. I am also in the process of recording a Memorandum of Judgment against your real estate in Chicago. If you ever sell or refinance the property, my clients will get paid with interest at 9% per year.
> Based on the two times I had met you, and based on discussions with my clients, I was able to predict how you would act during your departure from the property. Let me say that you did not disappoint me. The "gifts" and "surprises" you left behind were nothing short of juvenile and immature and only proved that I was right about the kind of people you are from the beginning. That kind of attitude will not serve you well in the future.
> My clients have advised me that in the event you ever resurface in the public, we will be seeking damages for the bills you stuck my clients with and the damage caused to the home during your occupation and departure from the property.

It is alleged that both defendants regularly engage in the collection of debts owed by consumers. In Count I, it is alleged that defendants violated 15 U.S.C. § 1692g(a)(3) by failing to include the 30-day validation notice required by that provision. In Count II, it is alleged that the accusations contained in the letter are false. In Count II, it is claimed that the letter violated 15 U.S.C. § 1692e which prohibits using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, it is claimed that defendants violated § 1692e(2)(A) (prohibiting false representations as to the character, amount, or legal status of a debt); § 1692e(5) (prohibiting threats to take any action that cannot legally be taken or that is not intended to be taken); and § 1692e(7) (prohibiting false representations or implications that the consumer committed a crime or other misconduct in order to disgrace the consumer).

Defendants contend that both counts must fail because the letter was not an attempt to collect a debt. The pertinent statutes require that the letter be a "representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, or "the initial communication with a consumer in connection with the collection of any debt," id. § 1692g(a). Plaintiffs allege that the letter was a debt-collection letter and the contents of

the letter are not to the contrary. Contrary to defendants' contention, the mere fact that the letter did not expressly state that it is an attempt to collect a debt does not prevent it from being a representation or communication in connection with a debt. If that were true, there could not be a violation of § 1692e(11) for failing to include an express statement that the communication is an attempt to collect debt. See, e.g., Frey v. Gangwish, 970 F.2d 1516, 1519 (6th Cir. 1992); Russey v. Rankin, 911 F. Supp. 1449, 1455 (D.N.M. 1995). As alleged in the complaint, the letter can be construed as either an attempt to induce payment of the judgment previously entered or an attempt to collect payment of damage done to the property. Either would be an attempt to collect a debt. See 15 U.S.C. § 1692a(5) ("'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment"); Frey, 970 F.2d at 1518-19. Plaintiffs have adequately alleged an attempt to collect a debt.

Conceding they sometimes act as debt collectors, defendants contend the conduct alleged in the complaint was purely legal work of an attorney, not part of their debt

collection activity. It is well settled that attorneys can be debt collectors as that term is used in the FDCPA. Heintz v. Jenkins, 514 U.S. 291 (1995); Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914, 918 (7th Cir. 2004); Fisher v. Asset Acceptance, LLC, 2005 WL 1799275 *2 (N.D. Ill. July 26, 2005); Wilkerson v. Bowman, 200 F.R.D. 605, 610-11 (N.D. Ill. 2001). As previously discussed, on the pleadings, the letter is adequately alleged to be an attempt to collect a debt. Therefore, defendants are properly alleged to be acting as debt collectors within the meaning of the FDCPA.

Defendants contend Count II should be dismissed because the letter contains no false or misleading statements. As defendants concede, plaintiffs need only satisfy the pleading requirements of Fed. R. Civ. P. 8(a). Rule 9(b) does not apply to a § 1692e claim. Cargile v. Baylor Health Care System, 2005 WL 2445482 *6 (N.D. Tex. Aug. 10, 2005); Sullivan v. Equifax, Inc., 2002 WL 799856 *3 (E.D. Pa. April 19, 2002). Plaintiffs allege that it was false to claim that they did any damage to the property and that there was no possible legal action against them for collecting any such damages. That is sufficient. Count II will not be dismissed.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [6] is denied. Within 14 days, defendants shall answer

the complaint.  All discovery is to be completed by May 1, 2006.
A status hearing will be held on May 3, 2006 at 11:00 a.m.

        ENTER:

                _____
                UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 16, 2006